FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAVIER V. R.,<br><br>                Plaintiff,<br><br> -vs-<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security<br><br>                Defendant. | No.   1:23-CV-3015-WFN<br><br>ORDER |

       Javier V. R. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability benefits. ECF No. 1. Attorney D. James Tree represents Plaintiff. Special Assistant United States Attorney Benjamin J. Groebner represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **REVERSES** the Commissioner's final decision.

## JURISDICTION

       Plaintiff applied for Disability Insurance Benefits on October 17, 2019, alleging disability beginning on March 12, 2019. Tr. 335–38. The application was denied initially, Tr. 116–45, and on reconsideration, Tr. 146–58. Administrative Law Judge [ALJ] M.J. Adams held a hearing on January 19, 2022, Tr. 87–115, and issued an unfavorable decision on March 11, 2022, Tr. 29–43. The Appeals Council denied review on December 5, 2022. Tr. 2–10. The ALJ's March 2022 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on February 2, 2023. ECF No. 1.

ORDER - 1

# FACTS

Plaintiff was born in 1967 and was 51 years of age as of his alleged onset date. Tr. 337. He has a GED, some college, and work history as a metal fabricator. Tr. 41, 103–04. Plaintiff alleges disability based on a back injury. Tr. 105–07; ECF No. 9 at 3.

# STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

# SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once

a claimant establishes that a physical or mental impairment prevents her from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, he will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 11, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 29–43.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 31.

At step two, the ALJ determined Plaintiff had the following severe impairments: "fibromyalgia, obesity, degenerative disc disease, cervical radiculopathy, carpal tunnel syndrome, depression, anxiety, and somatic disorder." *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 31–33.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found he can perform light work

> Except he can occasionally lift and carry 20 pounds and can frequently lift and carry 10 pounds. He can push and/or pull with his upper extremities an unlimited amount other than what was previously noted for lifting and carrying. He has an unlimited ability to push and/or pull with his lower extremities other than what was previously noted for lifting and carrying. He can stand and/or walk with normal breaks for a total of about 6 hours in an 8-hour workday. He can sit with normal breaks for a total of about 6 hours in an 8-hour workday.

ORDER - 3

    He can frequently climb ramps, stair[s], ladders, ropes, and scaffolds. He can frequently balance, kneel, and crouch. He can occasionally stoop and crawl. He has no manipulative, visual, or communication limitations. He should avoid concentrated exposure to extreme cold, extreme heat, vibrations, fumes, odors, dusts, gases, poor ventilation, and hazardous machinery or working at heights. He can understand, remember, and carry out simple instructions. He can exercise simple, workplace judgment. He can perform work that is learned by on-the-job training beyond a short demonstration lasting up to and including one month. He can respond appropriately to supervision and he can have occasional interaction with coworkers. He can deal with occasional changes in the work environment. He can work in jobs that require no interaction with the public to perform the work tasks, however, this does not preclude a work environment where the public is present.

Tr. 33–34.

At step four, the ALJ found Plaintiff was unable to perform past relevant work. Tr. 41.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 41-42. The ALJ specifically identified the representative occupations of housekeeping cleaner, marker, and production assembler. Tr. 42.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the application date. Tr. 42–43.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ's decision is not supported by substantial evidence because the ALJ did not have an opportunity to review medical opinion evidence in

the record that was contrary to his decision. ECF No. 9 at 5–12. Plaintiff also argues the ALJ erred by improperly rejecting medical opinion evidence and Plaintiff's symptom testimony.

## DISCUSSION

### (1) The Opinions of Joe Kim, M.D., and Janmeet Sahota, D.O.

Plaintiff argues the Commissioner's decision must be reversed because the ALJ did not have the opportunity to consider the opinions of Joe Kim, M.D. and Janmeet Sahota, D.O. ECF No. 12 at 7–11.

Plaintiff submitted two new medical opinions to the Appeals Council with his request for review of the ALJ's decision. Tr. 17–22, 85–86. Th new opinions appear inconsistent with the ALJ's assessment of Plaintiff's RFC. For example, Dr. Kim opined Plaintiff "should not have to sit in the same spot for more than 2 hours without rest or changing positions." Dr. Kim also "suggest[ed Plaintiff] limit his activity to standing for no more than 1 hour consecutively without resting." Tr. 20. Similarly, Dr. Sahota opined Plaintiff "may be able to stand/walk for about 2 hours in an 8[-]hour work day and sit for about 6 hours in an 8 hour day, but he would need the freedom to adjust his seat as needed while sitting." Tr. 86. In seeming contrast, the ALJ determined Plaintiff retained the RFC to stand or sit for 6 hours in an 8-hour workday. Tr. 33–34.

The Appeals Council denied Plaintiff's request for review. Tr. 2–4. Regarding the new medical opinion evidence, the Appeals Council stated: "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence." Tr. 3. Because the Appeals Council decided Dr. Kim's and Dr. Sahota's opinions would have no reasonable probability of changing the outcome, the Court concludes the Appeal Council must have considered those opinions. Therefore, the Court must consider the opinions of Dr. Kim and Dr. Sahota when reviewing the ALJ's decision. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]e hold that when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the

ORDER - 5

district court must consider when reviewing the Commissioner's final decision for substantial evidence.").

The case must be remanded for consideration of Dr. Kim's and Dr. Sahota's opinions because consideration of those opinions could have changed the ALJ's ultimate determination that Plaintiff is not disabled: both Dr. Kim and Dr Sahota appear to have opined limitations greater than those found by the ALJ. *See id.* at 1163–65; *Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009)

Defendant argues the records were dated three months after the relevant period, ECF No. 11 at 13, but that does not mean the opinions are not applicable to the relevant period, *cf. Flaten v. Sec'y of Health & Hum. Servs.*, 44 F.3d 1453, 1461 (9th Cir. 1995) ("The claimant may establish such continuous disabling severity by means of a retrospective diagnosis."). Defendant also argues that an ALJ's decision can be supported by substantial evidence even if it conflicts with some medical evidence in the record. ECF No. 11 at13-14. That may be so, but in this case the ALJ has not had a chance to address two medical opinions that seem to contradict his decision. Therefore, the matter must be remanded for consideration of those opinions. This does not mean the ALJ is required to credit Dr. Kim's opinion or Dr. Sahota's. Nor does it mean either opinion is entirely inconsistent with the ALJ's previous decision. However, the ALJ must articulate his consideration of Dr. Kim's opinion and Dr. Sahota's. *See* 20 C.F.R. § 404.1520c(b).

Plaintiff asks the Court to remand for an award of benefits, ECF No. 9 at 21, but that remedy is only appropriate if the record leaves no doubt that the claimant is disabled, *see Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100–01 (9th Cir. 2014). That is not the case here. The Court will remand this matter for additional proceedings and explanation. *See Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

**(2) Plaintiff's Other Assignments of Error**

Plaintiff also argues the ALJ erred by improperly assessing the medical opinions and Plaintiff's testimony. ECF No. 13 at 12–22. The analysis of these issues could be impacted

by the ALJ's review of the medical opinions discussed above. Therefore, the ALJ shall reevaluate those issues on remand as well.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the Commissioner's final decision is in error because the ALJ did not have an opportunity to review Dr. Kim's and Dr. Sahota's medical opinions. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed May 4, 2023, **ECF No. 9**, is **GRANTED**.

2. Defendant's Brief, filed June 6, 2023, **ECF No. 11**, is **DENIED**.

3. This matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide copies to counsel. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

**DATED** this 28th day of September, 2023.

09-20-23

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 7